ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LEON WAGNER<br><br>Apelante<br><br>v.<br><br>LEESA SHAPIRO<br><br>Apelada | **KLAN202500402** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. BY2023CV01006<br><br>Sobre: Revocación de Donación |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 10 de julio de 2025.

Comparece ante este foro, el Sr. Leon Wagner (señor Wagner o "el apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 26 de marzo de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de sentencia sumaria presentada por el apelante. En consecuencia, ordenó la desestimación de la *Demanda*.

Por lo fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

### I.

El 2 de marzo de 2023, el señor Wagner presentó una *Demanda-Corregida Nunc Pro Tunc* sobre revocación de donación en contra de la Sra. Leesa Shapiro (señora Shapiro o "la apelada").[1] Alegó que, el 4 de enero de 2021, adquirió de forma privativa un inmueble en la Urb.

---

[1] *Demanda-Corregida Nunc Pro Tunc*, págs. 23-43 del apéndice del recurso.

Número Identificador
SEN2025 _____

Dorado Beach East. No obstante, esbozó que el 13 de febrero de 2021, otorgó una *Escritura de Donación* y transfirió el 50% de dicho inmueble a su entonces esposa, la señora Shapiro. Aseveró que, la donación fue hecha bajo la condición de que la propiedad sería la casa conyugal, y que la apelada asumiría las cargas correspondientes a su participación. Sin embargo, arguyó que la señora Shapiro llevó a cabo actos que afectaron la relación, por consiguiente, presentó una *Demanda* de divorcio ante el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mientras que, la señora Shapiro presentó una *Demanda* de divorcio, pero ante la Corte Suprema de Nueva York.

De otra parte, el apelante mencionó que, la apelada se valió de falsas expresiones para obtener una orden de protección en su contra para desalojarlo de su residencia. Como resultado, fue privado del acceso a su propiedad por aproximadamente seis (6) meses. Añadió que, el 27 de abril de 2022, obtuvo la *Sentencia* de divorcio eliminando *de facto* la residencia de Dorado como domicilio conyugal. Finalmente, planteó que la señora Shapiro incurrió en actos de ingratitud e indignidad. A tales efectos, mediante *Escritura* fechada el 12 de julio de 2022, fue revocada la donación del inmueble.

El 20 de julio de 2023, la señora Shapiro presentó su *Contestación a Demanda Corregida y Reconvención*.[2] En esencia, alegó que, el 13 de enero de 2014, las partes otorgaron un *Prenuptial Agreement*, para gobernar, entre otras cosas, la disposición de sus bienes en caso de un

---

[2] *Contestación a Demanda Corregida y Reconvención*, págs. 96-302 del apéndice del recurso.

divorcio. De otra parte, en su *Reconvención*, arguyó que conforme a la escritura de capitulaciones, las partes habían acordado que ella adquiriría el derecho al 50% de todas las propiedades que constaban inscritas a su nombre dentro de los ciento veinte (120) días luego del divorcio. Además, que las partes habían acordado que la división de sus bienes, en caso de divorcio, se gobernaría por las leyes del Estado de Nueva York. Finalmente, sostuvo que, al momento del divorcio, la propiedad de Dorado aparecía registrada a nombre de ambas partes, y que el apelante había incumplido con los términos del *Prenuptial Agreement*.

Tras varios trámites procesales, el 12 de diciembre de 2024, el señor Wagner presentó una *Moción de Sentencia Sumaria*.[3] En primer lugar, enumeró cincuenta y cinco (55) hechos que, a su juicio, no estaban en controversia. Puntualizó que, la señora Shapiro admitió que la donación estaba condicionada a que ella se mudara a Puerto Rico, obtuviera la certificación de *inversor bona fide* y residiera en la isla por un mínimo de 549 días dentro de un periodo de tres (3) años. Concluyó que, en la escritura de donación se especificó que la propiedad sería utilizada como residencia conyugal y que el acuerdo estaría regido por las leyes de Puerto Rico.

No obstante, sostuvo que fue la apelada quien incumplió con las cargas estipuladas para la donación, por lo que, procedía su revocación. De igual forma, adujo que solicitar una orden de protección bajo premisas falsas de violencia doméstica en contra del señor Wagner constituía maltrato emocional. Por último,

---

[3] *Moción de Sentencia Sumaria*, págs. 477-1233 del apéndice del recurso.

que el divorcio entre las partes eliminó la posibilidad de que la propiedad fungiera como residencia conyugal conforme a la escritura de donación. Por lo cual, solicitó que se declarara *Ha Lugar* la solicitud de sentencia sumaria y, en consecuencia, (1) declarara la revocación de la donación por incumplimiento de las condiciones y por injuria grave, (2) emitiera un mandamiento para la cancelación de la donación en el Registro de la Propiedad, (3) más condenara a la señora Shapiro el pago de las costas, gastos y honorarios de abogado por temeridad.

En desacuerdo, el 2 de enero de 2025, la apelada presentó la *Oposición a Moción de Sentencia Sumaria del Demandante y Solicitud de Sentencia Sumaria de la Demandada*.[4] En esta, sostuvo que las cargas alegadas por el señor Wagner nunca se hicieron constar en la escritura de donación. Por otra parte, indicó que una solicitud de orden de protección no constituía una acusación de naturaleza criminal según requerido para revocar una donación. Además, que el apelante no demostró que el contenido de la petición fuera falso. Por último, reiteró que conforme al *Acuerdo Prenupcial*, adquiriría el título de su porción sobre todos los bienes que estuviese a nombre de las dos partes, ciento veinte (120) días después del comienzo de una acción de divorcio. Por lo cual, solicitó que se desestimara la *Demanda* y se ordenara al señor Wagner a cumplir con lo pactado en el *Prenuptial Agreement*.

---

[4] la *Oposición a Moción de Sentencia Sumaria del Demandante y Solicitud de Sentencia Sumaria de la Demandada*, págs. 1235-1680 del apéndice del recurso.

Evaluadas las mociones, el 26 de marzo de 2025, el foro primario notificó la *Sentencia* apelada.[5] Mediante esta, consignó veinte y tres (23) determinaciones de hechos. A base de estos hechos y el derecho aplicable declaró *No Ha Lugar* a la solicitud de sentencia sumaria presentada por el señor Wagner. En primer lugar, resolvió que el apelante no configuró los alegados ofrecimientos como cargas en la escritura de donación. En cambio, determinó que del texto de dicha escritura se desprendía que la donación realizada se debió únicamente a su deseo de expresar su amor y afecto a su entonces esposa. De igual forma, concluyó que la aseveración de que la propiedad se utilizaría como el domicilio conyugal, tampoco constituía una carga, sino una manifestación sobre la forma en que utilizarían la propiedad en aquel momento.

Por otra parte, el foro *a quo* determinó que el señor Wagner no logró establecer que la señora Shapiro incurriera en maltrato emocional o físico ni que fuera convicta por acusarlo o denunciarlo falsamente sobre la comisión de un delito que conllevara una pena grave. A esto, añadió que tampoco logró establecer la falsedad de la información contenida en la petición de la orden de protección.

Por último, en cuanto la *Reconvención*, resolvió que el foro adecuado para la reclamación por el alegado incumplimiento con el *Acuerdo Prenupcial* es el Tribunal de Nueva York. Por lo cual, declaró *No Ha Lugar* a la solicitud de sentencia sumaria presentada por el señor Wagner. En consecuencia, ordenó la desestimación de la

---

[5] *Sentencia*, págs. 1684-1701 del apéndice del recurso.

*Demanda* presentada por el apelante y la *Reconvención* presentada por la señora Shapiro.

En desacuerdo, el 9 de abril de 2025, el señor Wagner presentó una *Moción de Reconsideración*.[6] En esencia, alegó que el foro primario incidió al desestimar sumariamente hechos esenciales, los cuales muchos de ellos fueron admitidos por la apelada. Sostuvo que, el tribunal resolvió elementos subjetivos como la intención, la buena fe y el maltrato psicológico, así como adjudicó credibilidad sin haber celebrado una vista en sus méritos.

El 11 de abril de 2025, la señora Shapiro presentó su *Oposición a Moción de Reconsideración*.[7] Allí, alegó que ambas partes coincidieron en que el Tribunal de Primera Instancia podía adjudicar el asunto de manera sumaria. Además, que los hechos enumerados fueron aquellos que el Tribunal entendió que fundamentaban su decisión.

Evaluados los escritos, el 11 de abril de 2025, el foro primario notificó una *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.[8]

Aún inconforme, el 7 de mayo de 2025, el señor Wagner presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Primer Señalamiento de Error: El TPI debió declarar como no controvertidos los hechos núm. 14, 19, 20, 21, 23, 24, 30, 32, 38, 40, 41, 42, 46 y 47 de la MSS, ya que fueron expresamente admitidos por la parte demandada en sus declaraciones previas y en la OMSS y el núm. 22 que no fue refutado a tenor con las normas de Procedimiento Civil.

---

[6] *Moción de Reconsideración*, págs. 1702-1721 del apéndice del recurso.
[7] *Oposición a Moción de Reconsideración*, págs. 1722-1730 del apéndice del recurso.
[8] *Resolución*, pág. 1731 del apéndice del recurso.

Segundo Señalamiento de Error: El TPI entendía que esas admisiones de la otra parte no bastaban, para declarar como probados los hechos núms. 14, 19, 20, 21, 22, 23, 24, 30, 32, 38, 40, 41, 42, 46 y 47 de la MSS, debía celebrar una vista en sus méritos por tratarse de elementos subjetivos como intención, buena fe y maltrato sicológico.

Tercer Señalamiento de Error: Sin una vista en sus méritos ni un "hecho determinado" en la Sentencia Final, el Tribunal no podía resolver sobre la ausencia de falsedad en la solicitud de orden de protección en la aplicación del derecho por tratarse de un asunto de credibilidad y porque otro Tribunal que sí celebró una vista determinó lo contrario.

Cuarto Señalamiento de Error: El TPI no podía usar una doctrina española de 1986 revocada por la jurisprudencia de España y la Ley Puerto Rico para rechazar la aplicación del art. 356(b) del CCPR sobre la intención del negocio jurídico.

Quinto Señalamiento de Error: No procede determinar que no existe maltrato psicológico requerido en el artículo 1556(a) cuando la recurrida admitió que usó la orden de protección con el único fin de despojar al demandante de su vivienda.

Sexto Señalamiento de Error: El caso de epígrafe no cumplía con los criterios de la Regla 36.5 de Procedimiento Civil ni con los criterios de Supremo para ser desestimado por vía sumaria.

El 5 de junio de 2025, la parte apelada presentó su *Alegato*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer de la controversia ante nos.

**II.**

**-A-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, 200 DPR 929 (2018). Este mecanismo, está instituido en la Regla

36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y su función esencial es el permitir que, en aquellos litigios de naturaleza civil, una parte pueda mostrar, previo al juicio, que tras las partes contar con la evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769 (2016).

La solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); SLG *Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

En cuanto a los hechos esenciales y pertinentes a los que se refieren el precitado cuerpo de Reglas, es conocimiento que estos son los que se conocen como hechos materiales. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de

acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. Por ello, la controversia deberá ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

En lo particular, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento a seguir por las partes al momento de solicitarle al tribunal que dicte sentencia sumariamente a su favor. A esos efectos, la mencionada regla establece que una solicitud a su amparo, deberá incluir lo siguiente: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y (6) el remedio que debe concederse. Regla 36.3(a)(1-6) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a).

Por otro lado, la parte que se oponga a que se dicte sentencia sumaria deberá controvertir la prueba

presentada por la parte que la solicita. Para ello, deberá presentar su contestación a la moción de sentencia sumaria dentro del término de veinte (20) días de su notificación. Dicho escrito, además de cumplir con los mismos requisitos con los que tiene que cumplir el proponente, deberá contener:

[…]

(b) […]

(2) [U]na relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable. Regla 36.3 (b) (1-4)), 32 LPRA Ap. V, R. 36.3(b) (1-4).

Ahora bien, cuando se presente una moción de sentencia sumaria y se sostenga en la forma que establece la Regla 36 de Procedimiento Civil, *supra*, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones; sino que dicha parte estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra, si procede. Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). Por tanto, el oponente deberá controvertir la

prueba presentada con evidencia sustancial y no podrá simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 66 (2018).

Quiere decir que, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, supra, pág. 215. Si el oponente no controvierte los hechos propuestos de la forma en que lo requiere la Regla aplicable, tales hechos se podrán considerar como admitidos y se dictará la sentencia en su contra, si procediese. *Roldán Flores v. M. Cuebas, Inc.,* supra. De igual forma, si la parte contraria no presenta su contestación a la sentencia sumaria en el término reglamentario provisto, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del tribunal. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, Regla 36.3.

Por último, es preciso recordar que nuestro Máximo Foro ha dispuesto que, como Tribunal de Apelaciones, nos encontramos en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia o no de conceder una solicitud de sentencia sumaria. *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 122 (2015). A tales efectos, nuestra revisión será una *de novo* y el análisis que realizaremos se regirá por las disposiciones contenidas en la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Por ello, de entender que procede revocar una sentencia sumaria, debemos indicar cuáles hechos esenciales y pertinentes están en controversia, e igualmente decir cuáles están incontrovertidos. Por el

contrario, si encontramos que los hechos materiales (esenciales y pertinentes) realmente están incontrovertidos, nuestra revisión se limitará a revisar *de novo* si procedía en derecho su concesión. Es decir, si el Tribunal de Primera Instancia aplicó correctamente el derecho o no. *Íd*, págs. 118-119.

-B-

Conforme establece el Código Civil de Puerto Rico de 2020, mediante el contrato de donación, "el donante se obliga a entregar y transmitir gratuitamente al donatario la titularidad de un bien." Art. 1305 del Código Civil, 31 LPRA sec. 10041. Para su validez, la donación de un bien inmueble requiere que conste en escritura pública. Art. 1313 del Código Civil, 31 LPRA sec. 10057. Así, dicha escritura debe describir "el bien donado, su valor y las cargas, si alguna, que debe satisfacer el donatario". *Íd.*

Ahora bien, las donaciones sólo pueden ser revocadas por las causales que dispone el código, entre estas se encuentra el incumplimiento de las cargas impuestas al donatario, así como por cualquiera de las causas de indignidad para suceder. Art. 1320 del Código Civil, 31 LPRA sec. 10064. A tales efectos, se considera una persona indigna para suceder:

> (a) la persona que abandona o maltrata física o sicológicamente al causante;
>
> […]
>
> (c) la persona convicta por acusar o denunciar falsamente al causante de la comisión de un delito que conlleva una pena grave;
>
> […]. Art. 1556 del Código Civil, 31 LPRA sec. 10973.

**III.**

En el caso de autos, el señor Wagner mediante sus seis (6) señalamientos de error nos solicita que revoquemos la *Sentencia Final* emitida por el foro primario el 26 de marzo de 2025.

En su primer y segundo señalamiento de error, en esencia, el apelante argumenta que el foro primario incidió en la adjudicación de las determinaciones de hechos en la *Sentencia*. Alega que, el tribunal descartó hechos que habían sido admitidos por la apelada, puesto que, eran determinantes, ya que demostraban su intención en transferir la propiedad a quien era su esposa, y sus respectivas cargas. Por lo cual, aduce que, si las admisiones de la señora Shapiro no eran suficientes para declarar como probado los hechos, se debió haber celebrado una vista por tratarse de elementos subjetivos como la intención, buena fe y el maltrato psicológico.

Sobre el tercer y quinto señalamiento de error, en síntesis, esboza que, el tribunal no podía resolver sobre la ausencia de falsedad en la solicitud de orden de protección. Manifiesta que, la señora Shapiro solicitó la orden para obtener control sobre el inmueble y no para protegerse de una conducta abusiva del apelante. Arguye que, el acto de acusarlo falsamente es una conducta reprochable en virtud del inciso (a) y (c) del Artículo 1556 del Código Civil, *supra*. No obstante, que el foro primario concluyó que la intención de la señora Shapiro era legítima. Por ello, sostiene que el foro primario erró al adjudicar credibilidad sin celebrar una vista en sus méritos.

En su cuarto señalamiento de error, señala que el foro apelado utilizó una doctrina española revocada por

la jurisprudencia española y las leyes de Puerto Rico. Alega que, conforme al marco legal vigente, la existencia de una carga no convertía la donación en un negocio oneroso, por lo que, resultaba aplicable el inciso (b) del Artículo 354 del Código Civil, *supra*. A tales efectos, manifiesta que la intención de las partes al otorgar la donación debía prevalecer sobre el contenido literal de la escritura.

En su sexto señalamiento de error, indica que el caso de epígrafe no cumplió con los criterios de la Regla 36.5 de Procedimiento Civil, *supra*, ni con los criterios que dispone nuestro Tribunal Supremo para que se desestimara la demanda por la vía sumaria. Alega que, la controversia gira sobre elementos subjetivos como la intención o la credibilidad. De igual forma, indica que si el foro no encontró probado los hechos núm. 20-24 presentados en la *Moción de Sentencia Sumaria*, debió convocar una vista evidenciaría en vez de adjudicar la cuestión *in limine.*

Por su parte, la señora Shapiro admite que existía un compromiso de que se mudaría a Puerto Rico, pero que esto no constituía una carga, puesto que, no se incorporó en la escritura de donación a tenor con el Artículo 1313 del Código Civil, *supra*. No obstante, alega que cumplió con su parte, empero, no continuó viviendo en la isla a causa de su divorcio y de haber sido lanzada de la propiedad de Dorado. Ante ello, sostiene que el señor Wagner no podía alegar su incumplimiento en vista de que este provocó que no pudiera continuar residiendo en el inmueble.

En cuanto la alegada ingratitud, indica que presentó la solicitud de orden de protección para

defenderse de una solicitud similar que había formulado el señor Wagner el día antes. Así, aduce que en el presente caso lo único que se le imputaba era haber promovido un proceso judicial en contra del apelante. No obstante, explica que la orden de protección era un remedio de naturaleza civil y que el apelante no demostró que ella haya actuado falsamente o con malicia. En este sentido, sostiene que el foro primario no pasó juicio sobre la credibilidad de la apelada sin vista, sino que concluyó que el señor Wagner no logró establecer la falsedad de la información en su petición.

Por último, manifiesta que la revocación de la donación por actos de ingratitud carece de efecto retroactivo. Esboza que, en el presente caso, las partes otorgaron el *Prenuptial Agreement* el cual establecía los derechos de cada uno en caso de ocurrir un evento operativo, como la presentación de una demanda de divorcio. Señala que, conforme lo acordado, adquirió derecho a su participación en la propiedad de Dorado por constar su nombre en el título, dentro de los ciento veinte (120) días de la demanda de divorcio. Por tanto, sostiene que dicho acuerdo constituía una base independiente para conferir derechos sobre la propiedad a favor de la señora Shapiro.

Antes de entrar a los méritos del recurso, nuestro ordenamiento nos exige examinar *de novo* si la moción de sentencia sumaria presentada por el señor Wagner, así como la oposición instada por la apelada cumplen con los requisitos de forma que exige la Regla 36.3 de Procedimiento Civil, *supra*. Un análisis de los escritos presentados por las partes nos lleva a concluir que ambos satisfacen las disposiciones de referida regla. Así

pues, procedemos a evaluar si existe un hecho material controvertido que impida resolver el pleito por la vía sumaria. Tras un examen concienzudo del expediente, resolvemos que las veintitrés (23) determinaciones de hechos en la *Sentencia* apelada están sustentadas en la prueba, por lo que, las adoptamos en su totalidad.

Superado lo anterior, atenderemos los restantes señalamientos de error presentado por el apelante. Por estar estrechamente relacionados, discutiremos los dos primeros señalamientos de error en conjunto. El señor Wagner sostiene que el Tribunal de Primera Instancia debió declarar como no incontrovertidos los hechos núm. 14, 19-24, 30, 32, 38, 40-42, y 46-47 de la sentencia sumaria por estos haber sido admitidos o no refutados por la parte apelada. En primer lugar, los hechos núm. 20, 21, 22, 23 y 24 corresponden a las siguientes alegadas cargas de la escritura de donación: la señora Shapiro (1) se mudaría a Puerto Rico para vivir con el apelante en la propiedad de Dorado; (2) obtendría el decreto de inversora "*bona fide*"; (3) viviría en la isla por un mínimo de 549 días durante un periodo de tres (3) años.

No obstante, dichas obligaciones no se establecieron en el instrumento público. Recordemos que, en la escritura pública debe constar una descripción del bien donado, su valor y **las cargas**, si alguna, que debe satisfacer el donatario. 31 LPRA sec. 10057. Por ello, al no incluirse las alegadas cargas en la escritura de donación estas carecen de efectividad. Ahora bien, es preciso señalar que en dicha escritura surge una cláusula que dispone que la propiedad constituiría el domicilio conyugal. Sin embargo,

examinado el texto de la disposición, no encontramos que esto representara una carga, sino una declaración de cómo se utilizaría el inmueble tras ser donado. Así pues, concluimos que los hechos números 20-24 no fueron sustentando por la prueba, por lo que, no procedía declararlos como incontrovertidos. Además, dado que los hechos núm. 14, 19, 30, 32, 46 y 47 son relacionados a las alegadas cargas que no se configuraron, resultan impertinente en el caso.

En cuanto los hechos núm. 38, 40, 41 y 42 de la moción de sentencia sumaria, encontramos que la señora Shapiro sí realizó dichas declaraciones en su deposición. No obstante, dichas expresiones examinadas aisladamente tergiversan su contenido. Primeramente, es cierto que la apelada declaró que solicitó la orden para sentirse cómoda en su residencia, empero, la parte apelante omitió incluir que también expresó que lo hizo porque "el control, la manipulación, la presión y la gran disparidad de recursos", así como el uso de lenguaje soez dirigido a su persona la hacían sentir insegura e incómoda.[9] Así, cuando le preguntaron si "sentirse cómoda" implicaba excluir al señor Wagner de la casa, respondió en la negativa, indicó que su expectativa era "de alguna manera compartirla con él".[10] Además, declaró que parte de la razón por el cual solicitó dicha orden era para combatir la orden de protección que presentó el apelante en su contra.[11] El haber declarado que no sentía que su vida corriera peligro o que no tenía la intención

---

[9] *Moción de Sentencia Sumaria*, anejo 7, *Transcripción de la Deposición tomada a: Sra. Leesa Shapiro* del 25 de junio de 2024, pág. 45, líneas 13-17 y la pág. 60, líneas 9-13 en la deposición.
[10] *Íd.*, pág. 42, líneas 18-23 en la deposición.
[11] *Íd.*, pág. 60, líneas 19-25 y pág. 61, líneas 1-12 en la deposición.

de acusar criminalmente al señor Wagner no resta o invisibiliza sus otras declaraciones sobre porque solicitó la orden de protección. Por tanto, no procedía declarar los hechos núm. 38, 40, 41 y 42 como incontrovertidos porque intentan tipificar las acciones de la señora Shapiro sin incluir el contexto requerido.

En cuanto el tercer y quinto señalamiento de error, el apelante, en síntesis, alega que el foro primario incidió al determinar que no había falsedad en la orden de protección solicitada por la apelada sin celebrar una vista en los méritos. Además, que erró al resolver que no hubo maltrato psicológico cuando la señora Shapiro admitió que usó dicha orden con el único fin de despojarlo de su vivienda. En primera instancia, recalcamos que la apelada expresó que, entre las razones por la cual solicitó dicha orden era por el alegado abuso verbal que sufría, más el control, la presión y la manipulación que se ejercía sobre su persona. No obstante, los argumentos del señor Wagner y los hechos sugeridos en la moción de sentencia sumaria se enfocaron en la ausencia de un peligro o daño inminente y que la intención detrás de la referida solicitud era obtener control sobre el inmueble para solicitar la revocación de la donación.

El Artículo 1320 del Código Civil, *supra*, dispone que la donación puede ser revocada por cualquiera de las causales de indignidad para suceder. Mientras que, el Artículo 1556 del Código Civil, *supra*, dispone que es indigna para suceder quien ha maltratado psicológicamente al causante o a la persona convicta de haberlo acusado falsamente de la comisión de un delito que conlleva una pena grave. Dicho lo anterior, el

apelante no demostró haber sido víctima de maltrato psicológico por parte de la señora Shapiro. Asimismo, tampoco estableció que la apelada fue convicta por haberlo acusado de un delito con pena de grave. Por tanto, no se configuraron las causales de indignidad.

Respecto al cuarto señalamiento de error, no encontramos que el foro primario haya utilizado una doctrina española para resolver el pleito de epígrafe. En primer lugar, el tribunal *a quo* expresó que conforme al Artículo 354 del Código Civil, *supra*, al interpretar un negocio jurídico se atenderá el sentido literal de sus palabras, a menos que aparezca claramente que fue otra la voluntad del autor. Así, determinó que el Artículo 1313 del Código Civil, *supra*, requiere para la configuración de un gravamen modal que conste en la escritura de donación. Ante ello, tras examinar dicha escritura concluyó que el señor Wagner no condicionó la donación.

Así pues, determinamos que no existe hecho material controvertido que impida dictar sentencia sumariamente, por lo que, tampoco procede el sexto señalamiento de error. En virtud de lo anterior, colegimos que los señalamientos de error no se cometieron.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones